[Crim. No. 563.   Second Appellate District.—October 23, 1917.]

## THE PEOPLE, Respondent, v. JAMES BRENNAN, Appellant.

CRIMINAL LAW—ROBBERY—SUFFICIENCY OF EVIDENCE.—In this prosecution for the crime of robbery, it is held that the evidence is sufficient to show the commission of the crime and that the defendant was an active participant therein.

NEW TRIAL—CONTINUANCE OF PROCEEDINGS—DISCRETION.—The matter of allowing a continuance of a motion for a new trial in order to obtain affidavits of newly discovered evidence rests in the discretion of the trial judge.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. H. T. Dewhirst, Judge.

The facts are stated in the opinion of the court.

A. S. Maloney, for Appellant.

U. S. Webb, Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—The appeal in this case was taken from a judgment of imprisonment and an order denying defendant's motion for a new trial.

The appellant was accused by the information of the district attorney of the county of San Bernardino of the crime of robbery, alleged to have been committed on the twenty-sixth day of May, 1917. Two points only are made upon this appeal as furnishing reasons why the judgment and order should be reversed. We find no merit in either contention.

1. It is claimed that the evidence was insufficient to establish the fact that the crime of robbery had been committed as alleged. Our attention is directed to the testimony given by the complaining witness. This witness testified that on the twenty-sixth day of May, 1917, he had been drinking at saloons in the town of Needles and was standing in front of one of these saloons when he was accosted by some person who said to him, "A couple of parties want to see you back

behind.'' He had seen this appellant in company with two other persons during the day and had several times displayed money in their presence. In response to the request, he went to the rear of the saloon where, he says, this appellant jumped upon his back, grabbed him around the neck, and choked him, saying, ''Give me what you got; come on and keep still''; that he tried to throw the man off, but was unsuccessful. He testified that he had at the time money in a pocketbook; also a ten-dollar bill and seven or eight dollars in silver, also a watch, razor, and pocket-knife. When asked what became of that property, he said, ''Well, these men I think took it, because when I came to, why I didn't have none of it.'' He further testified that the taking of the property was without his consent and that he did not give it to the men, but that when he ''came to'' he found himself lying in the back end of the building. Then, he testified, as he sat up the three men came back and said, ''You have got more money, damn you, give it up,'' and that they kicked him and broke two ribs. Without quoting from the testimony further, it must at once appear that there was ample evidence showing not only that the crime of robbery was committed, but that the appellant here was an active participant therein.

2. Defendant at the time he presented his motion for a new trial asked for a continuance of one week of that matter in order that he might go from San Bernardino to Needles to obtain affidavits as to alleged newly discovered evidence. The matter of allowing a continuance was one which rested in the discretion of the trial judge, and from an examination of the representations made orally by counsel requesting the continuance, we cannot perceive that this discretion was in any wise abused.

The judgment and order are affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.